IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD LEE KIDWELL,

    **Plaintiff,**

    v.                                                     CASE NO. 21-3221-SAC

(FNU) SMITH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff brings this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is confined at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed in forma pauperis. On September 16, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until October 8, 2021, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file a proper amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

    Plaintiff alleged in his Complaint that Deputy Menning and Deputy Smith are refusing to wear face masks while handling the inmates' meal trays. Plaintiff also claims that the Deputies are not wearing appropriate hair nets "and/or face nets" when passing out the inmates' meal trays.

    The Court found in the MOSC that Plaintiff's claim that the Deputies failed to wear hair nets or face nets fails to state a constitutional violation.[1] Prisoners cannot "expect the amenities, conveniences, and services of a good hotel or five star restaurant." *Armstrong v. Dunlap*, Case

---

[1] The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)).

No. 1:17-cv-0803, 2017 WL 3783715, at *5–6 (N.D. Ohio Aug. 31, 2017) (citations omitted) (finding that plaintiff's allegations regarding the failure to wear hair nets and gloves did not rise to the level of seriousness affecting health or safety as to constitute an Eighth Amendment violation and concern only "annoyances or discomforts that accompany incarceration in jail"); *Akin v. Partain*, No. 1:07-cv-106 (WLS), 2010 WL 2867905, at *2 (M.D. Ga. June 16, 2010) (finding that claim regarding server's failure to wear hair nets or gloves did not rise to the level of a constitutional violation); *Benjamin v. Higgs*, No. 1:08cv836 (JCC/TRJ), 2009 WL 483149, at *3 (E.D. Va. Feb. 25, 2009) (finding no Eighth Amendment violation where plaintiff, among other claims, alluded to kitchen staff failing to wear hair nets when serving food); *Hamilton v. Knight*, No. 2:11-cv-322-JMS-WGH, 2012 WL 3915222, at *2 (S.D. Ind. Sept. 7, 2012) (dismissing claim that prison staff passed out food without face or hair nets).

The Court also found that Plaintiff seeks improper remedies in his Complaint in this case. The Court found that to the extent Plaintiff seeks to have the Defendants suspended, the Court is without authority to grant such relief; and to the extent Plaintiff requests compensatory damages, such a request is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.

The Court's MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice." (Doc. 4, at 9.) Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 15, 2021, in Topeka, Kansas.**

**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**
